IN THE CIRCUIT COURT
OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

**LORETTA JOSEPH,**

    Plaintiff,

vs.

CASE NO: 2021-CA-4241-O

**WAL-MART STORES EAST, LP,**

    Defendant.

_____ /

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**WAL-MART STORES EAST, LP**
**c/o Registered Agent: C T Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on CHRISTOPHER STEINHAUS, , **Morgan & Morgan, P.A.**, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

1

**EXHIBIT "A"**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **ORANGE COUNTY COURTHOUSE, 425 N. ORANGE AVENUE, SUITE 510, ORLANDO, FLORIDA, (407) 836-2303**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the __23rd__ day of __APRIL__, 2021.

**Civil Division**
**425 N. Orange Avenue**
**Room 350**
**Orlando, Florida 32801**

Tiffany Moore Russell
Clerk of the Circuit Court

By __/s/ Nancy Garcia__
As Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez

telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

        MORGAN & MORGAN, P.A.
        POST OFFICE BOX 4979
        20 NORTH ORANGE AVENUE, SUITE 1600
        ORLANDO, FLORIDA 32802-4979

Filing # 125403936 E-Filed 04/22/2021 10:48:53 AM

IN THE CIRCUIT COURT
OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

LORETTA JOSEPH,    CASE NO:

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____ /

## COMPLAINT

COMES NOW Plaintiff, **LORETTA JOSEPH**, and sues Defendant **WAL-MART STORES EAST, LP**, and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

1

2. Plaintiff, **LORETTA JOSEPH**, is and at all pertinent times was a resident of Orlando, Orange County, Florida.

3. The Defendant, **WAL-MART STORES EAST, LP**, at all times material to this Complaint, is and has been the owner, and in possession, custody and control, of the premises located at 5734 South Orange Blossom Trail, Orlando, Orange County, FL 32839.

4. This Court has jurisdiction over the subject matter of this Complaint and the parties to this cause of action because the incident which is the subject of this Complaint occurred in Orange County, Florida at the WAL-MART STORES EAST, LP referenced in paragraph No. 3 above.

5. On or about January 1st, 2021, Plaintiff, LORETTA JOSEPH, was a business invitee (i.e. customer) at the aforementioned WAL-MART STORES EAST, LP owned, managed or controlled by the Defendant when she entered the store and she tripped and fell over a pallet that was placed in an area it should not have been because the color of the pallet blended in with the color of the floor, creating an illusion for customers.

6. As a result of said incident, Plaintiff, LORETTA JOSEPH, sustained serious injuries and other damages including but not limited to her back, tail bone, and right wrist.

## COUNT I

7. Plaintiff re-alleges and incorporates Paragraphs 1 through 6.

8. Defendant, WAL-MART STORES EAST, LP as owner, property manager and operator of the aforementioned premises, and as the entity that had possession and control of said premises, or alternatively, as the lease of property for which the subject premises were a primary path of ingress or egress to Defendant's business, had a non-delegable duty to maintain the

2

premises in a reasonably safe condition so as to avoid injury to the Plaintiff and other customers or invitees to the Defendant's business, and also had a duty to inspect it's premises and a non-delegable duty to warn the Plaintiff of all dangerous conditions, including the one previously alleged, which it knew or should have known existed on its property and which created an unreasonable risk of harm to the Plaintiff.

9. Defendant, WAL-MART STORES EAST, LP, negligently breached the aforementioned duties by the following:

    a. creating the condition which caused Plaintiff's injury;

    b. failing to maintain its location in a reasonably safe condition;

    c. allowing the dangerous condition to be on the property and/or to remain on the property for an unreasonable length of time, creating a hazard for customers and invitees such as Plaintiff. The dangerous conditions that caused the Plaintiff's injury had been on the property long enough that the Defendant knew, or under the exercise of reasonable care should have known, that the dangerous condition existed and should be promptly addressed and warning signs put out and this section of the property cordoned off until the condition was corrected. Nevertheless, Defendant did not take any of these steps and as a result Plaintiff sustained injuries and related damages;

    d. failing to warn customers and business invitees, such as the Plaintiff, of the danger presented by the dangerous condition;

    e. failing to timely and properly monitor and inspect its property for any potentially dangerous or unsafe conditions, including the one previously alleged that caused Plaintiff's injury, and failing to timely and properly correct the dangerous conditions on its property that caused the Plaintiff sustain injuries and other damages; and

    f. failing to otherwise exercise due care with respect to the matter alleged in the Complaint.

10. Defendant has actual and/or conservative notice that their flooring becomes obstructed, and therefore unreasonably dangerous, when blocked, as evidenced by:

3

    g. Defendant keeps records of each trip and fall;

    h. Defendant purchases warning signs that they instruct their employees to place at locations when they detect hazardous conditions on the floor;

    i. Defendant trains all of their employees to be on the look-out for hazardous conditions on the floor; and

    j. Defendant has had prior claims against it where customers have tripped over pallets placed on the floor by Defendant's employees.

11. As a direct and proximate result of the negligence of Defendant as set forth above, Plaintiff was injured while a customer/visitor/invitee at the Defendant's premises.

12. As a further direct and proximate result of the negligence of Defendant as set forth above, the Plaintiff, LORETTA JOSEPH, suffered bodily injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense. The losses are either permanent or continuing and the Plaintiff, LORETTA JOSEPH, will suffer losses in the future.

## COUNT II

13. Plaintiff re-alleges and incorporates Paragraphs 1 through 12.

14. Defendant, WAL-MART STORES EAST, LP as owner, property manager and operator of the aforementioned premises, and as the entity that had possession and control of said premises, or alternatively, as the lease of property for which the subject premises were a primary path of ingress or egress to Defendant's business, had a non-delegable duty to operate its business in a non-negligent manner and implement methodology which does not cause or contribute to the creation of dangerous conditions and also had a duty to maintain the premises in a reasonably safe condition so as to avoid injury to the Plaintiff and other customers or invitees

4

to the Defendant's business, and also had a non-delegable duty to maintain its premises in reasonable condition free of all dangerous conditions, a duty to inspect it's premises and a non-delegable duty to warn the Plaintiff of all dangerous conditions, including the one previously alleged, which it knew or should have known existed on its property and which created an unreasonable risk of harm to the Plaintiff.

15. Defendant, WAL-MART STORES EAST, LP, negligently breached the aforementioned duties by:

   a. Implementing policies, procedures, and practices which foreseeably caused or contributed to the existence of the dangerous condition described herein;

   b. Failing to implement policies, procedures and practices which would prevent the foreseeable dangerous condition described herein;

   c. Otherwise causing, contributing to or condoning conduct and activity on it premises which foreseeably would cause or contribute to the creation of the dangerous condition described herein;

   d. Not making reasonable inspections of the area which would have revealed the dangerous condition;

   e. Failing to use reasonable care in maintaining the premises, specifically the floors, in a safe condition which includes not allowing hazardous conditions on the floor where people, such as the Plaintiff, could easily trip and fall;

   f. Failing to use reasonable care in maintaining the premises, i.e., not allowing pallet on the floor to be lifted, causing a tripping hazard;

   g. Failing to place warning signs or cones surrounding a hazardous condition such as pallet on the floor;

   h. Failing to properly inspect the floor where patrons walk to ensure that there are no hazardous condition on the floor;

   i. Failing to hire competent individuals to properly inspect the premises;

5

    j. Failing to properly supervise employees and/or agents in the proper cleaning of floors;

    k. Failing to ensure proper policies and procedures were in place regarding the proper inspecting of floors;

    l. Failing to ensure proper policies and procedures were in place regarding the proper maintenance of floors; and

    m. Failing to ensure that policies and procedures regarding the maintenance and inspection of floors were being complied with.

16. As a direct and proximate result of the negligence of Defendant as set forth above, Plaintiff sustained injuries while a customer/visitor/invitee at the Defendant's premises.

17. As a further direct and proximate result of the negligence of Defendant as set forth above, the Plaintiff, LORETTA JOSEPH, suffered bodily injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense. The losses are either permanent or continuing and the Plaintiff, LORETTA JOSEPH, will suffer losses in the future.

WHEREFORE, the Plaintiff, LORETTA JOSEPH, sues the Defendant, WALMART, for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 22nd day of April, 2021.

*/s/ Chris Steinhaus*
**Christopher Steinhaus, Esquire**
**FBN 147966**
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Primary email: csteinhaus@forthepeople.com
Secondary email: macywalker@forthepeople.com;
*Attorneys for Plaintiff*

Filing # 125403936 E-Filed 04/22/2021 10:48:53 AM

IN THE CIRCUIT COURT
OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

**LORETTA JOSEPH,**

    Plaintiff,

vs.

**WAL-MART STORES EAST, LP,**

    Defendant.

_____/

CASE NO:

### PLAINTIFF'S NOTICE OF COMPLIANCE WITH RULE 2.516 AND DESIGNATION OF E-MAIL ADDRESSES

Plaintiff, **LORETTA JOSEPH**, by and through the undersigned attorney, files this Notice of Compliance with Rule 2.516(b)(1) and Designation of E-Mail Addresses (effective September 1, 2012) and designates the following email addresses:

    **Primary E-Mail Address:**    csteinhaus@forthepeople.com
    **Secondary Email Address:**   macywalker@forthepeople.com

Documents shall be served by E-mail to these designated E-mail addresses ONLY. Service to any other E-mail address will NOT be considered proper service pursuant to F.R.J.A. 2.516.

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U. S. Mail/Hand Delivery this, the same date of service as that of the Summons and Complaint.

                                  */s/ Chris Steinhaus*
                                  **Christopher Steinhaus, Esquire**
                                  **FBN 147966**
                                  Morgan & Morgan, P.A.
                                  20 N. Orange Ave., Suite 1600
                                  Orlando, FL 32801
                                  Telephone: (407) 420-1414
                                  Facsimile: (407) 245-3341
                                  Primary email: csteinhaus@forthepeople.com
                                  Secondary email:
                                  macywalker@forthepeople.com;
                                  *Attorneys for Plaintiff*